## WARNER et al. v. P. ALLEE, Administrator of Jonathan Allee, and GEORGE P. DAINS.

Court of Chancery.   Kent.   August, 1818.

*Clayton's Notebook, 75.*

*Ridgely* for complainants.   The confession of Dains avoids the plea of Statute of Limitations.   So does the payment in 1813. *Whitcomb v. Whiting,* Doug. 629.   *Jackson v. Fairbank,* 2 H.Bl. 342.   As to the equities of this case, P. Allee stands in the shoes of his intestate.

*Hall* for Allee.   Where defendants sever[al], the answer of one cannot affect the others.   This is not like the cases cited. There the partnership continued when the payments were made; here it was dissolved by the death of Jonathan Allee, when the last payment was made.   In 8 Cranch, one late partner admitted that he had not paid a debt; held not sufficient to take the case out of the Statute, for perhaps the other had.

CHANCELLOR RIDGELY.   This case is like *Whitcomb, etc.,* Doug. 629, and 2 H.Bl.   Complainant too has equities.   *Heath v. Percival,* 1 Str. 403.   Allee ought to have called Dains to account.

Decree for complainants.

---

* This case is also reported in *Ridgely's Notebook II, 228,* which account is found at 1 Del. Ch. 49.